UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ABDELRAHMAN KHALED ISMAEL
HAMED,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.

_____/

Case No. 1:26-cv-1971

Honorable Hala Y. Jarbou

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.     Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, provide Petitioner with a "new individualized bond redetermination hearing." (Pet., ECF No. 1, PageID.8.)

In an order entered on July 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on July 6, 2026. (Resp., ECF No. 6.) Petitioner filed his reply on July 8, 2026, (ECF No. 8).

## II.     Relevant Factual Background

Petitioner is a citizen of Egypt who entered the United States in 2025 and, on February 23, 2026, was arrested by ICE agents. Op., *Hamed v. Raycraft* (*Hamed I*), No. 1:26-cv-1643 (W.D. Mich. Jul. 6, 2026) (ECF No. 6). On March 18, 2026, an Immigration Judge denied Petitioner's request for bond, stating: "Danger denied. Recent arrest for domestic violence. Respondent was accused of choking and threatening to kill his wife." *Id.* Petitioner filed an appeal of that decision, which remains pending. *Id.*

On May 19, 2026, Petitioner filed a § 2241 petition challenging the Immigration Judge's denial of bond after the criminal case against Petitioner had been dismissed. Pet., *Hamed I*, (W.D. Mich. May 19, 2026) (ECF No. 1). In *Hamed I*, the Court denied Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241without prejudice because there was no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Op. & Jud., *Hamed I*, (W.D. Mich. Jul. 6, 2026) (ECF Nos. 6, 7).

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner claims that the Immigration Judge incorrectly relied upon Petitioner's arrest rather than the dismissal of the criminal case and that the circumstances warrant a reassessment. (Pet., ECF No. 1, PageID.7.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025

WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). And, if the noncitizen believes that the circumstances have changed materially since an initial bond redetermination, the noncitizen can request a subsequent bond redetermination in writing. 8 C.F.R. § 1003.19(e). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, Petitioner's specific claims involve challenges to the immigration judge's factual determinations in the bond decision. (*See* Pet., ECF No. 1.) Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment. Petitioner also does not contend that he has requested a subsequent custody redetermination hearing based upon materially changed circumstances. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA or before the immigration court. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

3

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated: July 14, 2026                                    /s/ Hala Y. Jarbou
                                                        HALA Y. JARBOU
                                                        CHIEF UNITED STATES DISTRICT JUDGE